# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVARISTUS MACKEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF PRISONS, et al,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-01934-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR FEDERAL INTERVENTION<br><br>(ECF No. 11) |

　　Plaintiff Evaristus Mackey ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). On March 16, 2016, Plaintiff filed a notice of change of address and a request for federal invention. (ECF No. 11). He informed the Court that he is now housed at USP Lewisburg, and, importantly, alleges that there have been some fights, stabbings, and assaults at the institution, and that he was told some staff arranged for him to be stabbed. He states he believes this has been done in retaliation for him filing a lawsuit against the Bureau of Prisons. He contends that his life is in imminent danger, and he requests immediate injunctive relief, specifically federal intervention by the FBI.

　　The Court construes Plaintiff's motion as one that seeks a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008) (citation omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to

1

1  succeed on the merits, among other things. Id. at 20 (citations omitted). An injunction may only
2  be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).
3      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
4  must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95,
5  102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for
6  Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).
7  If the court does not have an actual case or controversy before it, it has no power to hear the
8  matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal
9  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
10 determine the rights of persons not before the court." Zepeda v. United States Immigration and
11 Naturalization Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons
12 bound by injunction).
13     The Court takes Plaintiff's assertions seriously, but lacks jurisdiction to issue the relief
14 requested. Plaintiff has not identified the persons who have threatened to harm him, other than to
15 state they are staff at USP Lewisburg. His suit is against prison officials at his former institution,
16 and thus no officials at USP Lewisburg are defendants in this action. Thus, the case or
17 controversy requirement cannot be met since the people Plaintiff seeks to enjoin are not parties
18 to this action, and the pendency of this case provides no basis upon which to award him any
19 injunctive relief. The seriousness of Plaintiff's allegations concerning feared impending harm
20 cannot and do not overcome what is a jurisdictional bar. Steel Co. v. Citizens for a Better
21 Environment, 523 U.S. 83, 103-104 (1998) ("[The] triad of injury in fact, causation, and
22 redressability constitutes the core of Article III's case-or-controversy requirement, and the party
23 invoking federal jurisdiction bears the burden of establishing its existence.")
24     To the extent Plaintiff believes he is in danger, he has other avenues of relief available to
25 him, including filing a petition for writ of habeas corpus. E.g., Smith v. Anderson, 317 F.2d 172,
26 172 (D.C. Cir. 1963).
27 ///
28 ///

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for federal intervention, construed as a motion for preliminary injunctive relief, is DENIED, with prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **March 17, 2016**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE