# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVARISTUS MACKEY,<br><br>    Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS, et al.,<br><br>    Defendants. | 1:15-cv-1934-LJO-BAM<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Evaristus Mackey, a federal prisoner proceeding *pro se* and *in forma pauperis*, filed this this case on December 30, 2015, under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Doc. 1. Plaintiff's complaint[1] is difficult to understand. Distilled, however, Plaintiff's complaint only alleges Defendants, various prison officials, violated his rights because Defendants lack jurisdiction and authority over him because he is a "sovereign citizen" who is entitled to "sovereign immunity" from their disciplinary actions. For the following reasons, the Court DISMISSES WITH PREJUDICE Plaintiff's complaint because it is legally frivolous.

## II. ANALYSIS

### A. Screening requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a

---

[1] Plaintiff has since filed three additional "supplements" to his original complaint, which the Court construes as part of Plaintiff's complaint. Docs. 7, 9, 15. The Court will refer to these four documents collectively as Plaintiff's complaint.

1

defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

**B. Plaintiff's complaint is legally frivolous.**

Plaintiff asserts Defendants violated various federal laws when disciplining him and denying his requests. Specifically, Plaintiff claims Defendants' disciplinary proceedings, which resulted in, among other things, his placement in the "Special Management Unit," amounted to unlawful "sanctions." *See* Doc. 1 at 12. Plaintiff maintains that Defendants have no authority to discipline him in the manner that they did because he is a "sovereign citizen" with "sovereign immunity" from their jurisdiction and authority. *See, e.g.*, *id.* (concluding that Defendants have no jurisdiction "to impose sanctions on a Sovereign Citizen asserting Sovereign Immunity"); Doc. 9 at 7 (concluding "Sovereign Immunity is asserted throughout this case [and] the defendants don't have authority to impose sanctions but have."). Plaintiff does not argue Defendants' conduct was otherwise unlawful.

Courts across the country "have uniformly rejected arguments" based on the sovereign citizen ideology as frivolous, irrational, or unintelligible. *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) (collecting cases). The Ninth Circuit has rejected arguments premised on the ideology as "utterly meritless." *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

Accordingly, Plaintiff's complaint is frivolous and fails to state any claim on which relief could be granted. Given the nature of Plaintiff's allegations, the Court finds that Plaintiff cannot cure the issues through amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court ORDERS that (1) Plaintiff's complaint is DISMISSED

WITH PREJUDICE for failure to state a claim; and (2) Plaintiff's motions for injunctive relief (Doc. 3, 13) are DENIED AS MOOT. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

    Dated: __June 13, 2016__      _____/s/ Lawrence J. O'Neill_____
                                                            UNITED STATES CHIEF DISTRICT JUDGE